# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KINGSLY COMPRESSION, INC., | CIVIL ACTION |
| Plaintiff, | No. 09-316 |
| v. | |
| MOUNTAIN V OIL & GAS, INC., | The Honorable Gary L. Lancaster |
| Defendant. | *Electronically filed* |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order is entered into by and between the parties to the above-captioned action, and by the Court, for the purpose and under the terms and conditions herein set forth.

WHEREAS, the parties in this action and certain non-party witnesses, who may become bound by this Stipulated Confidentiality Agreement and Protective Order, may from time to time be required to produce documents or provide testimony pursuant to the initial disclosure or other rules of the Federal Rules of Civil Procedure or to discovery requests made by the parties herein;

WHEREAS, some of these documents or this testimony may contain confidential information within the scope of this protective order; and

WHEREAS, the parties and/or non-party witnesses desire to preserve the protected status of any such material and/or information while complying with their respective discovery obligations;

NOW THEREFORE, the undersigned parties, by their respective counsel, hereby stipulate, agree and consent to the entry of the following order:

It is hereby STIPULATED AND AGREED by the Parties and ORDERED, ADJUDGED and DECREED by the Court that:

### MATERIALS COVERED

1. This Stipulated Confidentiality Agreement and Protective Order shall apply to all confidential and proprietary information and documents produced or disclosed by any party during the course of the above-captioned action, including information and documents disclosed:

    a. in initial disclosures pursuant to Rule 26;

    b. through discovery;

    c. at any hearing;

    d. in any pleading, document, affidavit, brief, motion, transcript, or other writing; or

    e. in testimony given in a deposition, hearing or trial, and any copies, notes, abstracts or summaries of such information.

The information and documents described in this paragraph shall hereinafter be referred to as "Litigation Materials."

2. "Confidential" information shall mean and be limited to any Litigation Materials that contain or refer to the Producing Party's trade secrets, nonpublic business information, or other financial information, or any other information of a confidential or proprietary nature, the disclosure of which would or might be harmful to the Producing Party's proprietary or business interests. The term "Producing Party" shall mean any party and/or non-party witness who either produces or testifies as to Confidential information or who asserts a confidentiality interest in information produced or testimony given by another in this action. As used in Paragraph 1 and

elsewhere, the term "document" shall include written, electronic, recorded or graphic material of any type, including computer software and databases.

## METHOD OF DESIGNATION

3. Any Producing Party may designate as "Confidential" any Litigation Materials in the following manner:

    a. The Producing Party shall mark any Litigation Materials it wishes to designate as "Confidential" with a confidentiality marking or stamp at the time of production;

    b. Deposition or other testimony taken in this action, including any document marked for identification during a deposition, may be designated "Confidential" by any one of the following means; (i) by stating orally on the record that the information is "Confidential" on the day the testimony is given; (ii) by sending written notice to the other party designating information as "Confidential" within five (5) business days after the transcript of the testimony is delivered to the party designating the testimony as "Confidential"; or (iii) by stamping or writing the legend "Confidential" on the relevant portion of the transcript or document at or before the signing of the transcript by the witness or as soon thereafter as practicable. All information disclosed during a deposition shall be deemed to have been designated "Confidential" for five (5) business days after the transcript of the deposition has been delivered, whether or not any portion of the transcript or document has been so designated previously. Written notices of "Confidential" information contained in a deposition transcript shall be attached by each party to the face of the relevant transcript and each copy thereof in its possession, custody or control.

c. Any party may designate a document produced by a non–party pursuant to subpoena, order of court, or otherwise as "Confidential" by sending written notice to all parties herein designating such document as "Confidential" within five (5) business days after the document is delivered to the party designating the document as confidential. All documents produced by non-parties shall be deemed to have been designated "Confidential" for five (5) business days after the documents have been delivered, whether or not any portion of the document has been so designated previously.

**TREATMENT OF ALL CONFIDENTIAL MATERIALS**

4. No copies of Confidential materials shall be made except to the extent necessary for the preparation and conduct of this litigation, including discovery, motion practice, evidentiary hearings, trial and appeal. Any person responsible for making such copies must ensure that the copies adequately reflect any "Confidential" stamp or legend thereon

5. All Confidential materials, including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence, and shall not be disclosed to any person, except as follows:

    a. any court and its staff in connection with this civil litigation;

    b. any court reporter who records any deposition or other testimony in this case;

    c. any attorney of record for the parties in the above-captioned action, and the parties' corporate counsel;

    d. any paralegal, clerical employee, and/or clerk retained or employed and supervised by counsel of record who is working on the prosecution or defense of this action;

e. any corporate employee of either party who has been directed to assist counsel's preparation with respect to litigation between the parties; and

f. any actual or prospective expert or consultant identified and/or retained by either party to assist it in the litigation between the parties.

In the event that any party desires to disclose to any person not included in (a) through (f) above any Confidential materials, it shall provide at least five (5) business days advance notice in writing. Should the Producing Party object in writing to the disclosure of such Confidential materials to that person, the party seeking to disclose may seek an order from the Court. Until the Court resolves the application, no such disclosure shall be made.

6. Each person to whom Confidential materials are revealed, disclosed or made available for inspection (except the persons identified in Paragraphs 5(a) through 5(e) above) shall, prior to having access to such information, sign the Nondisclosure Agreement in the form annexed hereto marked as Exhibit A.

7. All persons authorized by this Stipulated Confidentiality Agreement and Protective Order to receive copies of Confidential materials and/or information therefrom shall maintain such information as "Confidential" in accordance with this Stipulated Confidentiality Agreement and Protective Order, and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation.

## CLAWBACK FOR INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

8. The inadvertent production of documents, information, or electronically stored information ("ESI") subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity (collectively, the "Protected Material") shall not constitute a waiver of such privilege(s). Inadvertent production of Protected Material shall be handled as

follows, which the parties hereby agree constitutes "reasonable steps" under Rule 502(b)(3) of the Federal Rules of Evidence:

    a.    In the event that (1) the Producing Party produces documents or materials that appears on its face to be or otherwise contain Protected Material or (ii) the Producing Party provides written notice that it has inadvertently produced Protected Material, the receiving party shall promptly return all copies of the Protected Material (including electronic copies of ESI) or destroy them at the Producing Party's request. The receiving party shall also refrain from disclosing the substance of the Protected Materials to any person. If the Producing Party requests that the Protected Material be destroyed, the receiving party shall provide a written certificate of compliance within thirty (30) days stating that the Protected Material has been destroyed.

    b.    If the receiving party believes that it has a good faith basis for challenging the claim that the inadvertently-disclosed documents or material is privileged or otherwise protected from discovery, the receiving party shall provide the Producing Party with a written explanation of the good faith basis for its belief that the inadvertently-produced documents or material is not privileged or otherwise protected from discovery. This written explanation shall be provided within five (5) business days after the first even occurs under Paragraph 8(a)(1) or (ii). The Producing Party shall respond in writing to the receiving party's written explanation within five (5) business days after receiving that written explanation.

    c.    In the event that the parties cannot agree to the privileged or non-privileged status of the inadvertently-produced documents or material, the receiving party may promptly file a motion with the court for the sole purpose of seeking a determination

of the is sue pursuant to Rule 26(b)(5)(B) of the Federal Rule s of Civil Procedure. The receiving party must file its supporting brief and/or exhibits under seal if it intends to file the inadvertently-produced docum ent or m aterial or otherwise describe its substance. If the receiving party files such a m otion, the Producing Party shall have the burden of proving that the documents or materials constitute Protected Material.

9. Any Protected Material that is ina dvertently disclosed by the Producing Party pursuant to this S tipulated Confidentially Agr eement and Protective Order shall be and rem ain the property of the Producing Party.

## INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION

10. In the event any party inadvertently di scloses Confidential materials to som eone not authorized to receive such information under this Stipulated Confidentiality Agreement and Protective Order, that party shall upon learning of the disclosure:

    a. immediately notify the person to w hom the in advertent d isclosure wa s made that it m ay contain "Co nfidential" inf ormation subjec t to this Stipu lated Confidentiality Agreement and Protective Order;

    b. immediately make all reasonable effo rts to preclude further dissem ination or use by the person to whom disclosure was inadvertently made; and

    c. immediately notify the Producing P arty of the identity of the person(s) to whom disclosure was inadvert ently made, the circum stances surrounding disclosure, and the steps taken to ensure against the dissemination or use of the information.

11. If infor mation subject to a claim of attorney-client privilege or work product immunity is inadvertently or m istakenly produced by any party, such production shall in no way prejudice or otherwise constitu te a waiver of, or estoppel as to, any claim of privilege or work -

product immunity for such information. If information subject to a claim of immunity or privilege is advertently or mistakenly produced, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the party that received the information intends to challenge the Producing Party's assertion of privilege or immunity. In addition to return all copies of the inadvertently or mistakenly produced documents, the receiving party shall destroy and/or expunge any document, material or information reflecting the contents of the inadvertently produced information. If a receiving party objects to the return of such information within the seven (7) business day period described above, the Producing Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

## FILING OF CONFIDENTIAL MATERIALS

12. If Confidential materials or quotes from or references to such materials are included in papers or motions filed with or otherwise disclosed to the Court, such papers or motions shall be labeled "Confidential Subject to Protective Order."

13. Nothing contained herein shall prevent any of the parties from using "Confidential" information in connection with any motion filed with the Court (as long as motions that contain or refer to Confidential materials are filed in accordance with Paragraph 10 above), or in trial, a hearing, or any other proceeding in this action.

14. Nothing contained herein shall prevent any party from seeking further protection with respect to the use of any "Confidential" information in connection with any trial, hearing, or other proceeding in this action.

## OBJECTIONS TO CONFIDENTIALITY

15. If any party disputes the confidentiality of any Confidential materials, that party shall state the objection by letter to opposing counsel. If the parties are then unable to resolve any such objection, any party may move the Court to do so. Until the Court rules on any such motion, the Confidential materials shall continue to be deemed "Confidential" under the terms of this Stipulated Confidentiality Agreement and Protective Order, and all other terms and conditions of this Stipulated Confidentiality Agreement and Protective Order shall remain in full force and effect.

## SUBPOENA BY THIRD PARTY

16. If any party receives a subpoena or document request from a non-party to this Stipulated Confidentiality Agreement and Protective Order seeking production or other disclosure of a Producing Party's Confidential materials, the party shall give written notice to the other within five (5) business days, identifying the Confidential materials sought and enclosing a copy of the subpoena or document request. Subject to the duty to comply with such subpoena or document request, no production or disclosure of Confidential materials shall be made until the Producing Party has received a reasonable opportunity to consider or respond to the subpoena or document request.

## AMENDMENT TO THIS STIPULATED
## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

17. The provisions of this Stipulated Confidentiality Agreement and Protective Order may be modified at any time by written stipulation of the parties as approved by an Order of Court. In addition, a party may at any time apply to the Court for modification of this Stipulated Confidentiality Agreement and Protective Order pursuant to a motion brought in accordance with the rules of the Court.

## RESERVATION OF RIGHTS

18. Nothing contained in this Stipulated Confidentiality Agreement and Protective Order shall prevent any party from disclosing its own "Confidential" information to any person.

19. Nothing contained in this Stipulated Confidentiality Agreement and Protective Order shall constitute: (a) an admission by any party that any information contained in Confidential materials is, in fact, confidential, even if the party has not objected to the "Confidential" status of the Confidential materials; (b) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon, or required by rules of Court or by Court Order; (c) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or in any other action; (d) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information; or (e) a waiver by any party of its right to apply to the Court for an order designed to preserve the confidentiality of its confidential information at trial.

20. Nothing contained in this Stipulated Confidentiality Agreement and Protective Order shall prevent: (i) any party from moving the court to modify the term(s) of this Stipulated Confidentiality Agreement and Protective Order if the moving party believes those terms (as

originally agreed upon) are hampering its efforts to prepare for trial; (ii) any party from applying to the court for further or additional protections; or (iii) the parties from agreeing to modify any terms contained herein, subject to court approval.

## CONCLUSION OF THE LITIGATION

21. Within sixty (60) days of the conclusion of this action, including any post-trial motions or appellate proceedings, every party shall secure the return to the Producing Party of all of their Confidential materials (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed, and shall either destroy all such materials or return them to the Producing Party. Counsel may retain their work product, court filings and official transcripts and exhibits, provided that counsel and the parties continue to treat them in the manner provided herein.

# CONTINUING EFFECT

22. Insofar as the provisions of this Stipulated Confidentiality Agreement and Protective Order restrict the use or communication of any document or information produced hereunder, such Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Stipulated Confidentiality Agreement and Protective Order and the Court shall retain jurisdiction of all parties bound hereby for the purposes of this Stipulated Confidentiality Agreement and Protective Order.

**IT IS SO STIPULATED:**

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| MORELLA & ASSOCIATES<br>A PROFESSIONAL CORPORATION | BUCHANAN INGERSOLL & ROONEY PC |
| | Gregory J. Krock, Esquire |
| Alan E. Cech, Esquire | PA I.D. No. 78308 |
| PA ID. No. 32504 | gregory.krock@bipc.com |
| aecech@morellalaw.com | /s/ Benjamin A. Mathews, Esquire |
| /s/ Albert N. Peterlin, Esquire | PA I.D. 207091 |
| PA ID No. 84180 | benjamin.mathews@bipc.com |
| anpeterlin@morellalaw.com | |
| | One Oxford Centre |
| 706 Rochester Road | 301 Grant Street, 20th Floor |
| Pittsburgh, PA 15237 | Pittsburgh, PA 15219-1410 |
| (412) 369-9696 | (412) 562-3983/1314 |
| (412) 369-9990 (fax) | (412) 562-1041 (fax) |
| *Attorneys for Plaintiff, Kingsly Compression, Inc.* | *Attorneys for Defendant, Mountain V Oil & Gas, Inc.* |

**SO ORDERED:**

BY THE COURT:

DATE: July 8, 2009      s/Gary L. Lancaster
                        THE HONORABLE GARY L. LANCASTER
                        UNITED STATES DISTRICT JUDGE