IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KINGSLY COMPRESSION, INC.,      )
                                )
        Plaintiff,              )
                                )
    v.                          )   Civil Action No. 09-0316
                                )
MOUNTAIN V OIL & GAS, INC.      )
                                )
        Defendant.              )


MEMORANDUM

Gary L. Lancaster,                      November 30, 2010
Chief Judge.


    This action arises out of a lease for a natural gas
compressor. On September 28, 2010, this court granted summary
judgment in favor of plaintiff, Kingsly Compression, Inc.
("Kingsly"), holding that defendant, Mountain V Oil & Gas, Inc.
("Mountain V"), breached the parties' agreement ("Equipment lease")
by, inter alia, refusing to accept the natural gas compressor ("the
Unit") when Kingsly made it available [Doc. No. 56]. Additionally,
this court held that the parties did not appropriately brief the
damages issues in their summary judgment briefs. This court
directed the parties to submit additional briefing which was to
include proposed damages calculations.

    Based upon the parties' submissions, we determine that
Kingsly seeks to recover the payments that Mountain V owes under the

Equipment lease, plus costs for insuring the Unit, and interest. Specifically, Kingsly alleges that the Equipment lease contains an acceleration clause, making the amount due immediately payable upon default. Kingsly further contends that the total lease payments due and owing equal the monthly lease payments ($28,900.00) multiplied by the term of the lease (60 months) which equals $1,734,000.00. In the alternative, Kingsly contends that Mountain V owes $1,734,000.00, less the $231,200.00 that Mountain V paid to date, for a total of $1,502,800, plus interest in the amount of $188,844.48 and costs of insurance in the amount of $4,419.00 as of October 31, 2010.

Mountain V disagrees and states that the Equipment lease does not contain an acceleration clause. Mountain V also contends that even if the lease did have an acceleration clause, Kingsly impliedly waived the right to receive accelerated lease payments by agreeing to take partial payments upon default and not immediately demanding accelerated payments. Mountain V further contends that applying the purported acceleration clause while Kingsly was still in possession of the property would result in a "double recovery" counter to Pennsylvania law.

Pending before this court is Kingsly's summary judgment motion on the issue of damages [Doc. No. 57]. For the following reasons, Kingsly's motion will be granted.

2

## I. BACKGROUND

The factual and procedural background of this matter was extensively set forth in Memorandum and Order granting Kingsly's Motion for Summary Judgment [Doc. No. 56]. We have construed this current motion as a motion for summary judgment on the issues of damages. Accordingly, the following facts are not in dispute.

On April 17, 2007, Kingsly and Mountain V entered into a lease agreement whereby Kingsly agreed to lease a natural gas compressor to Mountain V. The parties agreed that the compressor was to be used at Mountain V's facility at Hackett field in Washington County, Pennsylvania. The Equipment lease term was for 5 years. Section 3 of the Equipment lease states that "the term of this Lease is [s]ixty (60) months commencing when Lessee takes possession of the Equipment. . ." [Doc. No. 57, Ex. A]. In addition, Section 9 of the Equipment lease included the following provision as a remedy for default:

Subject to the provision of Section 8, upon the occurrence of any default by LESSEE, LESSOR may terminate this Lease, demand that LESSEE return the Equipment to such location as LESSOR may designate; and/or enter upon the premises where the Equipment is located and take immediate possession of same and remove same. LESSEE shall be liable to LESSOR for rentals due and to become due for the term of this Lease, together with all of the costs of transportation, repairs and reletting of Equipment. [Id.]

On April 17, 2008, after approximately 56 weeks of negotiations between the parties regarding the Unit, Kingsly sent

3

an email to Mountain V stating that it was preparing and making plans to deliver the Unit. In response, Mountain V indicated that it was not ready for the Unit at that time.

In that communication, Mountain V did not indicate that it would never take possession of the Unit, nor did it indicate that it was terminating the lease. Mountain V also did not address whether it would take possession of the Unit if Kingsly was unable to find another lessee or buyer for it. Ultimately, Mountain V never took possession of the Unit.

Kingsly informed Mountain V it had more than $900,000.00 invested in the Unit. Kingsly further advised Mountain V of its position that Mountain V should make lease payments from the time the Unit would be made available until Kingsly could find an alternate lessee or purchaser. Mountain V did not agree.

Kingsly sent Mountain V a letter dated April 30, 2008, and asked Mountain V to agree in writing that Kingsly could lease or sell the Unit to another company. Mountain V refused. On June 2, 2008, Jeffery Sable, Kingsly's president, emailed Mike Shaver, Mountain V's president, indicating that he had potential buyers for the Unit. He wanted to make sure, however, that Mountain V still did not want the Unit, and if that was the case, he wanted Mountain V to sign a formal release to that effect. Mountain V refused to sign the release.

4

During the summer of 2008, Kingsly and Mountain V engaged in numerous discussions in an attempt to resolve this dispute. In August, 2008, Mountain V started making payments to Kingsly; however, Mountain V refused to formally agree to make payments until Kingsly was able to find an alternate purchaser or lessee for the Unit. The parties never reached a settlement agreement and despite its best efforts, Kingsly was unsuccessful in reletting the property. Between August, 2008 to December, 2008, Mountain V paid Kingsly a total of $231,200.00.

On December 2, 2008, Mountain V sent a "notice of termination of the lease" to Kingsly and demanded that Kingsly return Mountain V's $231,200.00. Kingsly refused. On January 15, 2009, Mountain V's outside legal counsel sent a letter to Kingsly terminating the lease because the Unit had been delivered too late.

On March 13, 2009, Kingsly filed the instant lawsuit. On February 23, 2010, plaintiffs and defendants filed cross motions for summary judgment. On September 28, 2010, the court entered judgment as a matter of law in favor of Kingsly on the issue of liability, finding that Mountain V had breached the lease by surrendering the property and defaulting on the rental payments. The court concluded, however, that because Mountain V did not provide alternative damages calculations, we could not reward damages based solely on Kingsly's calculations. The court declined to determine damages in that

5

opinion and stated it would determine damages upon further submissions [Doc. Nos. 57, 58 & 59]. Kingsly now seeks damages through October 31, 2010.

In its present motion, Kingsly calculated that the total lease payments due and owing are equal to the monthly lease payments ($28,900.00) multiplied by the term of the lease (60 months) which is $1,734,000.00, or $1,734,000.00, less the $231,200.00 that Mountain V paid to date, for a total of $1,502,800.00. Kingsly also seeks to add interest[1], which equals $188,844.48[2], and costs of insurance, which equals $ 4,419.00, through October 31, 2010. Conversely, Mountain V did not provide calculations for damages in

---

[1] Prejudgment interest is governed by state law, while post judgment interest is governed by federal law. SBA Network Services, Inc. v. Telecom Procurement Services, Inc., 250 Fed. Appx. 487, 492 (3d Cir. 2007)(citations omitted)("We have held that a court sitting in diversity awards prejudgment interest pursuant to the law of the forum."). While Kingsly did not request interest in their Equipment lease, the appellate courts in the Commonwealth of Pennsylvania have reasoned that interest is automatically awardable in such contract actions regardless "of when it is demanded, [citation omitted], or whether it is demanded." Fernandez v. Levin, 548 A.2d 1191, 1193 (Pa. 1988).

[2] Prejudgment interest is correctly awarded as a component of a damages award when the amount of damages is "ascertainable with mathematical precision." Donau Furnier, GmbH v. M & T Veneer Corp., 715 F.Supp.2d 604 (M.D. Pa. 2010) (citations omitted), which is the case in the present action. Under Pennsylvania law, where no express rate of interest is stated in a contract, plaintiff's interest is calculated at the rate of 6% per annum. 41 Pa.Stat.Ann. § 202 (Purdon Supp.Pamph.1989). See also Jarvis v. Johnson, 668 F.2d 740, 745 n. 6 (3d Cir. 1981).

6

its response to Kingsly's motion and simply contends that money damages are not due to plaintiff.

## II. LEGAL STANDARD

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Id. at 248.

Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir.1988).

8

It is on this standard Kingsly seeks to recover the payments that Mountain V owes under the lease, plus costs for insuring the Unit, and interest through October 31, 2010. Specifically, Kingsly alleges that the Equipment lease contains an acceleration clause, making Mountain V immediately liable upon default. Mountain V contends that the acceleration clause is invalid and ambiguous on its face. It further contends that the ambiguous acceleration clause must be construed against Kingsly as to not allow for a double recovery.

The court has reviewed plaintiff's motion for summary judgment on the issue of damages and defendant's response thereto. Based on the pleadings and evidence of record, the arguments of counsel, and the briefs filed in support and opposition thereto, the court concludes, as a matter of law that no genuine dispute over material facts remains which precludes summary judgment in this matter.

## III. DISCUSSION

### A. Ambiguity of the Purported Acceleration Clause

Mountain V contends that the acceleration clause is invalid and ambiguous on its face. In construing a contract, the court is to determine the intent of the contracting parties. Homart Dev. Co. v. Sgrenci, 662 A.2d 1092, 1097 (Pa. Super. 1995) (citing Marcinak

v. Se. Greene School Dist., 544 A.2d 1025, 1027 (Pa. Super. 1988)).
In a contract that is unambiguous on its face, we look first to the
words contained in the contract to determine the intent.  See Int'l
Org. Master, Mates and Pilots of America, Local No. 2 v. Int'l Org.
Masters, Mates and Pilots of America, 439 A.2d 621, 624 (Pa. 1981)
(quoting Foulke v. Miller, 112 A.2d 124, 127 (Pa. 1955)).  In doing
so, "[t]he court will adopt an interpretation that is most reasonable
and probable bearing in mind the objects which the parties intended
to accomplish through the agreement."  Homart Dev. Co., 662 A.2d at
1098 (citation omitted).

A contract is ambiguous, however, when its terms are
reasonably capable of being understood in more than one sense.
Missett v. Hub Intern. Pa., LLC, 2010 WL 3704984, at *9 (Pa. Super.
2010).  A contract is not rendered ambiguous merely because the
parties do not agree upon the proper construction, nor may a court
rely upon an unreasonable interpretation to create ambiguity.
Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79,
93 (3d Cir. 2001) (citing Duquesne Light Co. v. Westinghouse Elec.
Corp., 66 F.3d 604, 614 (3d Cir. 1995).  That is, any agreement,
regardless of how plainly stated, can appear to be ambiguous if it
is given an unreasonable interpretation.  Only "where the meaning
of a contract is ambiguous and reasonably susceptible of two
interpretations [must the contract] be construed most strongly

10

against the party who drew it." Lawson v. Insurance Co. of North America, 70 Pa. D. & C.2d 646, 647 (Pa. Com. Pl. 1975); see Donau Furnier, GmbH v. M & T Veneer Corp., 715 F.Supp.2d 604, 608 (M.D.Pa. 2010).

It is well established that rent acceleration clauses are enforceable under Pennsylvania law and a valid expansion of a lessor's remedy. American Multi-Cinema, Inc. v. Posel Enters., No. 91-3782, 1992 WL 328891, at *9 (E.D. Pa. October 27, 1992) (citing Pierce v. Hoffstot, 236 A.2d 828 (Pa. Super. 1967)); Restatement (Second) of Property Landlord & Tenant § 12.1 cmt. k (1977). These clauses are intended to be in the nature of penalties in favor of the lessor. American Multi-Cinema, Inc., 1992 WL 328891, at *9. Moreover, "[t]hey are viewed as a guarantee to the lessor that he will receive immediately all the monies to which he is entitled under the lease without having to harness a reluctant tenant as periodical payments become due." Id.

In Pennsylvania, lease agreements require clear and unequivocal language indicating that, upon default, the lessor shall receive acceleration of damages. See Gittlin v. Slovinac, 1928 WL 4411, *1 (Pa. Super. 1928). However, no specific word or phrase is required to render a provision an acceleration clause. The language of liability must be clear on its face.

11

Section 9 of the Equipment lease provides that, upon default in the payment of any installment of rental, "the lessee is liable to lessor for rentals due and to become due for the term of this Lease, together with all of the costs of transportation, repairs and reletting of Equipment." [Doc. 57, Ex. A]. This is a valid acceleration clause because it is clear and unequivocal and is not reasonably susceptible to an alternative interpretation. See American Seating Co. v. Murdock, 169 A. 250, 254 (Pa. Super. 1933)(citations omitted). The terms of this provision are not reasonably capable of being understood in any other terms than upon default, Mountain V must pay accelerated lease payments. Accordingly, the Equipment Lease has a valid acceleration clause.

## B. Enforceability of the Acceleration Clause

Kingsly contends that Mountain V surrendered the Unit. However, Kingsly did not accept surrender and it has not repossessed the Unit from Mountain V, entitling it to enforce the acceleration clause.

In pursuing compensatory damages for breach of a lease under Pennsylvania law, a lessor must elect either (a) repossession and actual damages; or (b) acceleration of the balance due. 1600 Penn Corp. v. Computer Sciences Corporation, No. 06-5329, 2008 WL 4443016, at *14 (E.D. Pa. Sept. 30, 2008); see Onal v. BP Amoco Corp., 275 F.Supp.2d 650, 668 (E.D. Pa. Aug. 6, 2003) (citing Finkle v. Golf

W. Mfg. Co., 744 F.2d 1015, 1021 (3d Cir. 1984)). In the instant case, Kingsly has chosen acceleration of the balance due.

Once a lessee is found liable for future lease payments, however, the lessee may be relieved of liability if he surrenders possession and the landlord accepts the surrender. 1600 Penn Corp., 2008 WL 4443016, at *14. The burden is on the lessee to show the lessor accepted surrender by clear and convincing evidence. Id.; see Onal, 275 F.Supp.2d at 669.

To prove surrender, the lessee cannot merely produce evidence that the lessor resumed possession of the leased goods. 1600 Penn Corp., 2008 WL 4443016, at *14. Rather, "the [lessor's] actions must be "adverse to a reoccupation of [the property] by [the lessee] and [to] a renewal of the relations created by the lease." Onal, 275 F.Supp.2d at 669 (citing Stonehedge Square Ltd. P'ship v. Movie Merchs, Inc., 685 A.2d 1019, 1023 (Pa. Super. 1996)). If the lessor does not accept the surrender of the goods and the lease contains an acceleration clause, the lessor is entitled to receive as a lump sum all rents that will fall due during the unexpired term of the lease. 1600 Penn Corp., 2008 WL 4443016, at *14.

In the instant case, because the lease contains a valid acceleration clause and Kingsly has not accepted the surrender of the Unit, Kingsly is entitled to receive as a lump sum all rents that

13

will fall due during the unexpired term of the lease for the following reasons.

First, by refusing to take possession of the agreed upon Unit, Mountain V surrendered the Unit to Kingsly. Kingsly, however, did not accept surrender of the Unit. Accepting partial payments or listing the Unit for rental, particularly without actually re-letting it, does not constitute acceptance of surrender. Such actions have in no way interfered with Mountain V's possessory rights and access to the property. The Unit continually remains available in Texas where it was originally delivered and reconditioned so that Mountain V could take possession.

Moreover, the breach occurred when Mountain V refused to take possession of the Unit and refused to pay rental payments. A lessee simply leaving the property in the lessor's custody is not clear and convincing proof of acceptance of surrender. Kingsly attempted, on several occasions, to get Mountain V to either pay the rental payments and take possession of the Unit or allow Kingsly to re-let the Unit. Accordingly, Mountain V refused both options.

## C. Implied Waiver of Acceleration clause

Mountain V contends that Kingsly's acceptance of the $231,200.00 in payments between August, 2008 and December, 2008, if applied to the principal and interest arrearage, would constitute a waiver of the right to invoke the acceleration clause in the lease.

14

A "waiver is the intentional relinquishment of a known right." Consol. Rail Corp. v. Delaware and Hudson Ry. Co., 569 F.Supp. 26, 29 (E.D. Pa. 1983); Brown v. Pittsburgh, 186 A.2d 399, 401 (Pa. 1962). "To constitute a waiver of a legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evidence purpose to surrender it." Brown, 86 A.2d at 401. However, the waiver can be express or implied. Mountain V contends that Kingsly's actions constitute an implied waiver.[3]

However, "proof of (a party's) failure to rigorously enforce its (contractual) rights does not sustain the burden of establishing an implied waiver" under Pennsylvania law. Consol. Rail Corp., 569 F.Supp. at 29 (citing Sellersville Sav. and Loan Assoc. v. Kelly, 29 B.R. 1016 (E.D.Pa.1983); Nahas v. Nahas, 103 A.2d 473, 475 (Pa. Super. 1954); Steinman v. La Charty Hotels Co., 50 A.2d 297, 298 (Pa. 1947)). See, e.g., U.S. Sav. Bank of Newark, N.J. v. Continental Arms, Inc., 338 A.2d 579, 583 (Del. Super. 1975). The doctrine of implied waiver "applies only to situations involving circumstances equivalent to an estoppel, and the person claiming the waiver to prevail must show that he was misled and prejudiced thereby." Consol. Rail Corp., 569 F.Supp. at 29 -30 (citing Brown, 186 A.2d at 401).

---

[3] Kingsly does not claim express waiver nor is there an express waiver present.

15

In the instant case, Kingsly did not waive its right to enforce the acceleration clause quoted above by accepting the rental payments for the Unit. Between August, 2008 to December, 2008, Mountain V made payments to Kingsly in the amount of $231,200.00. Mountain V has not presented any evidence to show or to suggest that it was prejudiced by Kingsly's acceptance of the partial payments. Mountain V's monthly obligations under the lease is approximately $28,900.00. The deficiency existing as of October 31, 2010, is $722,500.00, and is clearly in excess of the $231,200 payments given. Mountain V is still in default and Kingsly has yet to receive payment in full.

Though Mountain V contends that Kingsly waived its right to accelerate lease payments by its failure to invoke the acceleration clause immediately, Pennsylvania law does not require such rigorous action to maintain contractual rights. Kingsly unequivocally and properly elected to enforce the acceleration provision by instituting this action. Thus, Kingsly has not waived its contractual rights to accelerate future rental payments.

### D. "Double recovery" and Possession of the Unit

Kingsly contends that awarding accelerated payments while they are still in possession of the Unit would not result in a "double recovery." While Kingsly possesses the Unit due to Mountain V's surrender, they are not requesting possession as their damages.

Mountain V contends, however, that not only does the acceleration clause allow Kingsly to recover the amount of rent due under the terms of the lease, but it also allows Kingsly to retain possession of the Unit for its own use or re-let the Unit and retain any rents collected. Kingsly is, therefore, placed in a better position than if the lease had been performed. Mountain V claims this "double recovery" not only violates the general principles of law against double recovery, but also violates the terms of the lease, which specifically states that actual rents collected are to be offset against the amount of the claim. Thus, Mountain V contends that the acceleration clause is an unenforceable penalty.

A plaintiff may not obtain a double recovery for a single wrong. Homart Dev. Co., 662 A.2d at 1100. Under Pennsylvania law "'upon breach of a material condition in a commercial lease a landlord must elect repossession and actual damages or acceleration of the balance due.' " Onal, 275 F.Supp.2d at 668 (citing Finkle v. Golf W. Mfg. Co., 744 F.2d 1015, 1021 (3d Cir.1984)). This rule prevents a lessor from reaping the double recovery "that would result from a rule allowing a landlord to possess the property, and possibly reap a profit from renting or selling it, at the same time that he collects rent from a breaching [lessee]." 1600 Penn Corp., 2008 WL 4443016, at *14. However, where the lessor is not asking the court to award both possession and, therefore, accelerated rent, the risk of double

recovery is not present and not relevant. <u>Hirsh v. Carbon Lehigh</u> <u>Intermediate Unit #21</u>, 65 Pa. D. &C.4th 390, 418 (Pa. Com. Pl. 2003). Kingsly's right to money damages does not constitute a double recovery for the reasons set forth below.

First, Mountain V has voluntarily relinquished possession of the property to Kingsly. If Mountain V would have taken possession of the Unit on or about September 29, 2008, when it was made available, then it would still have possession under the terms of the five year lease, and would be making monthly lease payments to Kingsly as of the date of this opinion. Kingsly has not sought judicial intervention to exclude Mountain V from possessing the Unit. Kingsly is not asking the court to award it both possession and accelerated rent. It seeks a judgment only for the accelerated rent and other damages.

Second, Kingsly has agreed to deduct the total partial payments Mountain V has made while in default from the total accelerated rent due. In the absence of this position, Mountain V would have correctly asserted that Kingsly was recovering the amount of $231,200.00 twice. In addition, Kingsly's attempts to re-let the Unit was not to exclude Mountain V from possession or for Kingsly to take possession, but was for the purpose of mitigating damages. Accordingly, because it is not requesting possession as a part of

its judgment, Kingsly's claim for accelerated rent does not represent a double recovery and is valid.

IV. CONCLUSION

Accordingly, Kingsly's motion for summary judgment on the issue of damages [Doc. No. 57] will be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KINGSLY COMPRESSION, INC.,      )
                                )
            Plaintiff,          )
                                )
      v.                        )   Civil Action No. 09-0316
                                )
MOUNTAIN V OIL & GAS, INC.      )
                                )
            Defendant.          )

## ORDER

AND NOW, this 30th day of November, 2010, upon consideration of
plaintiff's motion for summary judgment on the issue of damages,
and defendant's response thereto, [Doc. No. 57, 58 & 59], IT IS
HEREBY ORDERED that plaintiff's motion [Doc. No. 57] is GRANTED. It
is further ordered that judgment in the amount of $1,696,063.48
shall be entered in Kingsly Compression, Inc.'s favor.  Kingsly's
judgment against Mountain V Oil & Gas, Inc. includes the following:

a.    Compensatory damages:  $ 1,734,000.00;

b.    Incidental damages/Insurance (as of October 31,
      2010):  $ 4,419.00;

c.    6% per annum statutory interest on the balance due
      for accelerated rent only (as of October 31, 2010):
      $188,844.48;

d.    Subtotal: $ 1,927,263.48;

e.    Less Mountain V's partial payments: - $ 231,200.00;

f.  Principal Amount Due (as of October 31, 2010):
$1,696,063.48;

g.  Nothing in this order construes Kingsly retaining
possession of the natural gas compressor that is
subject of this action.  This judgment is for
monetary damages only.

BY THE COURT:

_____, C.J.

cc:  All counsel of record